# In the United States Court of Federal Claims

No. 07-886 C

(E-Filed: July 2, 2009)

| | |
|---|---|
| _____ ) <br> ) <br> WILLIAM J. SALERA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Dismissal for Failure to Show Cause; Home-to-Work Driving Under FLSA; Facts Indistinguishable from Facts in <u>Adams II</u>; No Change in Applicable Substantive Law Since <u>Adams II</u>; Rule 54(c) |

<u>Jules Bernstein</u>, Washington, DC, for plaintiff.  <u>Linda Lipsett</u>, Washington, DC, and <u>Edgar James</u>, Washington, DC, of counsel.

<u>Shalom Brilliant</u>, with whom were <u>Tony West</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Todd M. Hughes</u>, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION & ORDER

On May 8, 2009 the court issued a show cause order directing plaintiff to file a memorandum (1) describing how this case differs from <u>Easter v. United States</u> (<u>Easter</u>), 83 Fed. Cl. 236 (2008), <u>appeal docketed</u>, No. 2008-5187 (Fed. Cir., Sept. 30, 2008), <u>Garner v. United States</u> (<u>Garner</u>), 85 Fed. Cl. 756 (2009), and <u>Gonzalez v. United States</u> (<u>Gonzalez</u>), No. 07-790C, 2009 WL 1315448 (Fed. Cl. May 7, 2009) and (2) describing "why <u>Easter</u>, <u>Garner</u>, and <u>Gonzalez</u> are not controlling." Show Cause Order of May 8, 2009 (Show Cause Order), Dkt. No. 11 at 2.  The Show Cause Order directed plaintiff to show cause "why judgment should not be entered in favor of defendant." <u>Id.</u>  Now also before the court in response to the Show Cause Order are Plaintiff's Memorandum of

Points and Authorities (plaintiff's Show Cause Memorandum or Pl.'s Show Cause Mem.), filed May 22, 2009 and Defendant's Response to Plaintiff's Memorandum of Points and Authorities Pursuant to Show Cause Order (defendant's Show Cause Memorandum or Def.'s Show Cause Mem.), filed May 27, 2009.  No dispositive motion has been filed in this case.

For the following reasons, the court DISMISSES plaintiff's Complaint.

I.      Background

Plaintiff is employed by the United States Department of Justice, Drug Enforcement Administration as a "Diversion Investigator."  Complaint (Compl.), filed December 19, 2007 ¶ 1.  Plaintiff filed his Complaint in this court "seek[ing] to recover from defendant back pay, liquidated damages, interest, attorney's fees and costs pursuant to the Fair Labor Standards Act of 1938 [(FLSA)], as amended, 29 U.S.C. [§§ 201-219 (2006)]."  Id.  Plaintiff alleges that from and after 2005 defendant inappropriately labeled him an exempt employee under the FLSA, id. ¶ 8, and thereby withheld from him "overtime compensation due such plaintiff . . . in accordance with FLSA for hours worked in excess of forty each week," id. ¶ 16.  Plaintiff requests that defendant be ordered "to conduct a full, complete and accurate accounting of all back overtime, premium and other pay, leave, holiday and excused and other paid absence compensation, and benefits, interest and liquidated damages due and owing to plaintiff . . . from 2005." Id. ¶ 20(a).

In the parties' Joint Preliminary Status Report (JPSR), filed on September 18, 2008, plaintiff and defendant stated that:

> The parties believe there is a reasonable likelihood of settlement on the issue of whether plaintiff is exempt from the FLSA as well as a likelihood that the amount of damages due plaintiff can be resolved.  It is unlikely that parties will resolve through settlement whether plaintiff [is] entitled to be compensated for driving a Government-owned vehicle from home to work and work to home.

JPSR 4-5 (emphasis added).  On March 20, 2009 "the parties stipulate[d] to the dismissal with prejudice of all claims in this action other than claims based upon time spent driving to and from work."  Parties' Stipulation of Dismissal, filed March 20, 2009 at 1.

On the same date that plaintiff filed his Complaint, December 19, 2007, see Compl. 1, plaintiff also filed with the court a Notice of Indirectly Related Cases (Not. of

2

Indirectly Related Cases), stating that this case is "indirectly related to [Adams v. United States (Adams I), 65 Fed. Cl. 217 (2005)] . . . which is currently pending in the United States Court of Federal Claims, the outcome of which is likely to call for a determination of the same or substantially similar questions as are presented in the instant case." Not. of Indirectly Related Cases 1-2 (emphasis added). In Adams I, several thousand government employees brought "overtime pay claims for time spent driving to and from work in government-issued vehicles." Adams I, 65 Fed. Cl. at 219. After the United States Court of Federal Claims (USCFC) determined that these driving claims were non-compensable under the FLSA, id. at 241, the Adams I plaintiffs appealed to the United States Court of Appeals for the Federal Circuit (Federal Circuit). See Adams v. United States (Adams II), 471 F.3d 1321, 1324 (Fed. Cir. 2006).

On December 18, 2006 the Federal Circuit upheld the USCFC decision in Adams I and held that, according to precedent set in Bobo v. United States (Bobo), 136 F.3d 1465 (Fed. Cir. 1998), "commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis." Adams II, 471 F.3d at 1328. The Federal Circuit found that the Adams II plaintiffs' driving claims were de minimis and were therefore properly denied. Id. The Federal Circuit's decision in Bobo–holding that an employee's driving of an employer's vehicle to and from work was not compensable under the FLSA, Bobo, 136 F.3d at 1468–was based on the Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84 (codified at 29 U.S.C. §§ 251-262 (2006)), a Congressionally-enacted exception to the FLSA.[1]  See Bobo, 136 F.3d at 1467-68. The Adams II plaintiffs' petition for rehearing

---

[1] The Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84 (codified at 29 U.S.C. §§ 251-262 (2006)), amended by the Employee Flexibility in Commuting Act of 1996, Pub. L. No. 104-188, § 2102, 110 Stat. 1755, 1928, now states, in relevant part:

> [N]o employer shall be subject to any liability or punishment under the Fair Labor Standards Act [(FLSA)] . . . [for] failure . . . to pay an employee minimum wages, or to pay an employee overtime compensation, for . . . (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities . . . . For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the
> (continued...)

en banc was denied, Adams v. United States, 219 F. App'x 993 (Fed. Cir. 2007) (Table), as was their petition for a writ of certiorari, Adams v. United States, 128 S. Ct. 866 (2008) (mem.).

The Easter case, challenging the holdings of Bobo and Adams, currently on appeal, is identical factually to plaintiff's case, and plaintiff requests that the court, "await the Federal Circuit's decisions in Easter and other related appeals which raise similar issues before rendering its decision in this case." Pl.'s Show Cause Mem. 1-2 (footnote omitted).

II.     Discussion

Rule 54(c) of the Rules of the United States Court of Federal Claims (RCFC) states that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." RCFC 54(c). The Show Cause Order directed plaintiff to show cause "why judgment should not be entered in favor of defendant." Show Cause Order 2.

Plaintiff fails to distinguish his case from prior cases in plaintiff's Show Cause Memorandum. Plaintiff offers no arguments in his Show Cause Memorandum to show that his case differs from Easter, Garner, and Gonzalez. See Pl.'s Show Cause Mem. passim. Plaintiff states that he "recognizes that the facts of the instant case do not differ from those in [Gonzalez and] [a]ccordingly, there is no basis for distinguishing this case from Gonzalez." Id. at 1. However, plaintiff notes in his Show Cause Memorandum that appellants in Easter "filed their opening brief in the Federal Circuit on February 23, 2009, asserting that [the Federal Circuit] should overrule its decisions in Bobo and Adams on the basis of the Supreme Court's decisions in [Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158 (2007)] and [National Cable & Telecommunications Ass'n v. Brand X Internet Services, 545 U.S. 967 (2005)]." Pl.'s Show Cause Mem. 1. Defendant states that "[p]laintiff offers no reason why judgment should not be entered in favor of defendant as to home-to-work driving, other than to note that appeals are pending in Easter and several other cases in which this [c]ourt dismissed home-to-work driving claims, and to opine that this [c]ourt should await the Federal Circuit's decisions in those cases." Def.'s Show Cause Mem. 1.

---

[1](...continued)
employee or representative of such employee.

29 U.S.C. § 254(a) (2006) (emphases added).

4

Because the court sees no material differences between the facts, circumstances, and arguments made by the parties in this case and the facts, circumstances, and arguments made by the parties in Easter, Garner, and Gonzalez, the court adopts the reasoning of the Easter, Garner, and Gonzalez opinions and incorporates pages 240 through 250 of the Easter decision, Easter, 83 Fed. Cl. at 240-50; pages 759 through 769 of the Garner decision, Garner, 85 Fed. Cl. at 759-69; and page *3 of the Gonzalez decision, Gonzalez, 2009 WL 1315448 at *3, into this opinion by reference.

Given the applicable Federal Circuit precedent and the prior disposition by this court of factually similar cases, the court does not view it as necessary to wait until the Federal Circuit decides the Easter appeal before entering judgment in this case. Therefore, because there is no dispute of material fact, defendant is entitled to judgment as a matter of law.

III.    Conclusion

Because the facts and circumstances of this case are substantially identical to those in Adams II, as well as those in Easter, Garner, and Gonzalez, and because there has been no change in the applicable law, this court follows the Federal Circuit precedent as to whether the FLSA requires employees to be compensated for driving between home and work in a government-owned vehicle. See Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006) ("There can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, [the Federal Circuit], and [the] predecessor court [of the Federal Circuit], the Court of Claims." (citations omitted)). Based upon the precedent of Adams II, defendant is entitled to judgment as a matter of law. See Adams II, 471 F.3d at 1328 ("[C]ommuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis.").

The Clerk of Court is DIRECTED TO ENTER JUDGMENT in favor of defendant. No costs.

IT IS SO ORDERED.

                                                                s/Emily C. Hewitt
                                                                EMILY C. HEWITT
                                                                Chief Judge